UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20127-CR-King/Garber

UNITED STATES OF AMERICA

v.

MARTA C. MARTINEZ,

    Defendant.

## PLEA AGREEMENT

The United States of America and Marta C. Martinez (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 1 of the Indictment, which charges the defendant with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1347.

2. The United States agrees to seek dismissal of the remaining counts of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's

1

probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a term of imprisonment of up to 10 years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the gross loss to the victim and must order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

2

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce the defendant's offense level by two levels, pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will move for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The United States, however, will not be bound by this paragraph if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its

entirety. The defendant understands and acknowledges that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The parties agree that the following statement of facts is accurate and provides a factual basis for the defendant's plea of guilty.

a. A's Medical Center, Inc. ("A's") was a Florida corporation with a principal place of business in Miami-Dade County, Florida. It was incorporated on July 27, 1999. Beginning on October 13, 2005 and continuing through December 11, 2006, A's submitted Medicare claims for approximately $19,991,260, based on which Medicare paid A's approximately $2,154,144. Almost all these claims were for purported treatment of HIV+ Medicare beneficiaries by administration of prescription drugs.

b. In fact, A's personnel generally administered smaller doses of the medications than A's purported in its claims, or no treatment at all. A's personnel paid Medicare beneficiaries to attend A's as purported patients.

c. During the time period discussed in the next subparagraph, the defendant worked at A's. While working at A's, she arranged for Medicare beneficiaries to attend A's and sign documents as purported patients of the clinic. She also arranged for the payment of these beneficiaries or paid them herself. She knew the facts described in subparagraph b.

d. The defendant admits that she worked at A's, as described in subparagraph c, beginning at least as early as May 2006. In or after June 2006, A's submitted Medicare claims for approximately $13,246,641, based on which Medicare paid A's approximately $1,712,417. The

defendant understands that the government will contend at sentencing that the defendant worked at A's throughout the time that A's purported to treat Medicare beneficiaries, and therefore that the defendant is responsible for all the losses caused by A's's fraud.

e. At all times relevant to the offense: Medicare was a federal health care benefit program providing benefits to beneficiaries who were over the age of sixty-five or disabled. Medicare provided benefits to beneficiaries in every state. Medicare's payments to A's were electronically transferred to A's' bank account from a bank in Illinois.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 7/15/11        By: /s/ Marc Osborne
                          MARC OSBORNE
                          ASSISTANT UNITED STATES ATTORNEY

Date: 7/15/11             /s/ Joseph A. Chambrot
                          JOSEPH A. CHAMBROT
                          ATTORNEY FOR DEFENDANT

Date: 7/15/11             /s/ Marta C. Martinez
                          MARTA C. MARTINEZ
                          DEFENDANT

5