UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20127-KING

UNITED STATES OF AMERICA
    Plaintiff,

v.

MARTA C. MARTINEZ,
    Defendant.
_____/

## DEFENDANT'S MOTION FOR DOWNWARD SENTENCING VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

Defendant, Marta C. Martinez, by and through undersigned counsel files this Motion for Downward Sentencing Variance Pursuant to 18 U.S.C. § 3553(a), and as grounds therefore states as follows:

### INTRODUCTION

It is now axiomatic that the sentencing guidelines are merely advisory and should not be viewed as mandatory. Of course, under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed. 2d 621 (2005), and, particularly, as the recent case of *Kimbrough v. United States*, 552 U.S. \_\_\_, 128 S.Ct. 558, 169 L.Ed. 2d 481 (2007) held, District Court's are not inextricably shackled to the Guidelines. Thus, sentencing courts must base sentencing decisions on the factors

enunciated in 18 U.S.C. §3553(a) (2008) and are free to disagree with the calculated Guidelines sentencing range. *See* Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L. Ed. 2d 481 (2007). This means that a sentencing court is "free to make its own reasonable application of the section 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Id.,* 128 S.Ct. at 576, (Scalia, J., concurring). Not only is a sentencing court free to reject the Guidelines, it must not give the guidelines any undue weight. Indeed, the Supreme Court has recently held that a sentencing court cannot give special weight to the Guidelines without violating its holding in *Booker. See* Kimbrough v. United States, 552 U.S. __, 128 S. Ct. at 564, 576 (2007). Otherwise, the *Booker* holding would be eviscerated by considering the Guidelines not only as presumptively reasonable but as the last word on how the sentencing court could exercise its discretion.

Section 3553(a) contains seven factors that a sentencing court must consider in rendering a fair and reasonable sentence:

> The first factor is a broad command to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The second factor requires the consideration of the general purposes of sentencing, including:
> "the need for the sentence imposed-
> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> "(B) to afford adequate deterrence to criminal conduct;

2

> "(C) to protect the public from further crimes of the defendant; and
>
> "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."
>
> The third factor pertains to "the kinds of sentences available," the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to "the need to avoid unwarranted sentence disparities," and the seventh to "the need to provide restitution to any victim." Preceding this list is a general directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing described in the second factor.

*Gall v. United States*, 128 S. Ct. at 596-597, n.6 (quoting 18 U.S.C 3353(a)(1-7)). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, as sometimes magnify, the crime and the punishment to ensue." *Koon v. United* States, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L. Ed 2d 392 (1996).

Here, the Presentence Investigation Report (PSR) incorrectly states in paragraph 81 that there are no factors that may warrant a departure in Ms. Marta C. Martinez's case and that under the guidelines she is not eligible for probation. Given that this court now has the discretion to sentence Ms. Martinez under section 3553(a) to a non-guideline sentence, the conclusions in the PSR are

3

incorrect. Thus, Ms. Martinez respectfully requests that this Court vary downward from the recommended advisory guidelines range based on the factors stated herein and impose a sentence of probation.

### A. Ms. Martinez's Personal History and Characteristics Support a Sentence of Probation.

Section 3553(a) grants this Court wide discretion in sentencing. In exercising that discretion, section 3553(a)(1) directs District Courts to consult the history and characteristic of the defendant and, under section 3553(a)(4), (5), it directs them to consider the Sentencing Guidelines and the pertinent policy statements of the Sentencing Commission. 18 U.S.C. §3553(a)(1), (4), (5). Furthermore, "[i]n the 'broader appraisal,' available to district courts after *Booker*, courts can justify consideration of family responsibilities, an aspect of the defendant's 'history and characteristics,' for reasons extending beyond the Guidelines." United States v. Menyweather, 447 F. 3d 625, 634 (9th Cir. 2006).

It should be noted that the phrase "downward departure" is now technically a misnomer for a below the Guidelines sentence. Since the Guidelines are now advisory, a below Guidelines sentence is a variance not a departure. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Courts may still justify sentences outside the recommended Guidelines range by reference to Guidelines "departure" provisions. When a court imposes a sentence outside the Guidelines range based on its assessment of the section 3553(a) factors, without

regard to specific Guidelines departure provisions, the deviation is considered a variance. Since the Guidelines are advisory they cannot, by definition, preclude a court from issuing a sentence that is below the recommended Guidelines level. For instance, the Supreme Court in *Kimbrough* permitted a District Court sentence that flatly disagreed with the Guidelines and the policies underlying them. <u>Kimbrough v. United States</u>, 552 U.S.___, 128 S.Ct. at 564; 576.

1. **Ms. Martinez Suffers from Major Depressive Disorder and Panic Disorder.**

Section 5K2.13 of the Guidelines states that a downward departure from the recommended Guidelines range for a non-violent offense may be warranted if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13. The offense herein, is unquestionably a non-violent offense and thus a variance based on diminished capacity is warranted. <u>United States v. Russell</u>, 917 F.2d 512, 517 (11th Cir. 1990) (in extraordinary instances mental conditions may be relevant for a sentencing variance where the defendant committed a nonviolent crime). If there ever was a case in which a defendant was entitled to a downward departure under section 5k2.13 and a downward variance with a sentence of probation under section 3553(a) because of a history of Major Depressive Disorder and Panic Disorder , this is such a case.

Ms. Martinez has suffered an adult lifetime of Severe Depression, including ***three suicide attempts***. Raul Vidal, LMHC, CAP, of Dade Family Counseling, Hialeah, Florida conducted an extensive evaluation of Ms. Martinez and found the following history of acute depression.

Ms. Martinez was born and raised in Cuba. She experienced family and relationship problems which led to severe states of depression which caused her to attempt to take her own life by ingesting an overdose of amitriptyline and imipramine. Ms Martinez received mental health counseling and was prescribed diazepam, nitrazeparm, amitriptyline, and imipramine to treat her Major Depressive Disorder.

Ms Martinez also suffers from arthritis, fibromyalgia and migraine headaches.

The defendant lives with her consensual partner, Orlando Torres. Since January 2007, Ms. Martinez has not been able to work and relies entirely on her family and Mr. Torres for her support.

This Court should not give undue weight to the Sentencing Guidelines here or their calculations in the PSR. The Supreme Court has recently held that a sentencing court cannot give special weight to the Guidelines without violating its holding in *Booker*. See <u>Kimbrough v. United States</u>, 552 U.S. __, 128 S. Ct. at 564; 576 (2007) (reaffirming that the Guidelines are advisory and only carry some

6

weight among all the sentencing factors). Thus, a sentencing court has the authority and discretion to issue a sentence that flatly disagrees with the Guidelines and its policies. *Id.* This means that the District Court is "free to make its own reasonable application of the section 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Id.,* 128 S.Ct. at 576, (Scalia, J., concurring). Failing to give the Guidelines their proper weight in accordance with a sentence would amount to a "significant procedural error" and subject the sentence to reversal. *See* <u>Gall v. United States</u>, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed. 2d 445 (2007).

(approving the sentencing court's consideration of the defendant's drug addiction under §3553(a)(1)); <u>United States v. Garcia</u>, 497 F.3d 964 (9th Cir. 2007) (holding voluntary substance abuse may be considered under §3553(a)) Therefore, Ms. Martinez's diminished mental capacity based on Major Depressive Disorder and Panic Disorder are valid grounds not only for a downward departure under section 5k2,13, but for a downward variance pursuant to *Booker*.

grant the court the authority to depart downward in these circumstances. "If the defendant committed the offense because of serious coercion . . . or duress, under circumstances not amounting to a complete defense, the court may depart downward." U.S.S.G. § 5K2.12; <u>Gavaria</u>, 804 F. Supp. at 479. As the Court in <u>Gavaria</u> aptly stated:

> Congress has mandated that the sentencing judge consider, among other things, "the need for the sentence imposed . . . to provide just punishment for the offense"

7

and "to afford adequate deterrence to criminal conduct."
18 U.S.C. § 3553(a) (2).

*Gavaria*, 804 F. Supp. at 479 (citing <u>United States v. Rogers,</u> 972 F.2d 489, 494 (2d Cir. 1992) (danger in "tangled wake" of Guidelines that district judge will conclude that a judge's role in bringing compassion and common sense to sentencing has been eradicated); <u>United States v. Concepcion,</u> 795 F. Supp. 1262, 1279-81 (E.D.N.Y. 1992) (sentencing judge should not rigidly obey Guidelines when they fail adequately to implement Congress's statutory directives).

Fortunately, under *Booker* and its progeny, sentencing courts are not bound to blindly follow the Guidelines in this circumstance.

The rationale for a downward sentencing variance here is not to minimize or decrease Ms. Martinez's culpability, which indeed she acknowledges and for which she is remorseful.

There is a sentence that will achieve the goals of the sentencing law and allow for Ms. Martinez's to live a fruitful life. Such a sentence is short of incarceration, but with a period of control through home confinement, probation, and supervised release. Given the extraordinary circumstances of Ms. Martinez's personal history and characteristics of a lifetime of mental illness including suicide attempts, this Court should exercise the discretion granted to it under section 3553(a)(1). The Court should not only vary downward substantially from the

recommended Guidelines sentence, but under the broader appraisal fashioned by *Booker* and its progeny, to impose, regardless of what section 5B1.1 (a) disallows, a sentence of probation.

### B. THE GUIDELINES RANGE IN THE PSR GREATLY EXCEEDS THE ACTUAL SENTENCES GIVEN IN SIMILAR CASES FROM CO-DEFENDANT

Section 3553(a)(6) instructs sentencing courts that they should avoid sentencing disparities. A review of sentences for similar situated defendant reveals that the actual owner of As Medical Center, Hilda Navarro, who operated the day to day operation of the center pled to an amount between $1,000,000.00 and $2,500,000.00. She received a 2 point enhancement for being an organizer, leader, manager, and/ or supervisor. She received a sentence of 37 months, taken into account the 2 point enhancement. Without that enhancement Ms. Martinez's sentence should be a level 19 which is 30-37 months.

### C. A DOWNWARD SENTENCING VARIANCE IS APPROPRIATE HERE SO THAT THE SENTENCE WILL BE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE PURPOSES OF SENTENCING LAW.

Ms. Martinez has taken responsibility for her actions by virtue of the plea in the instant case. Given that, she is aware she will be punished. However, under the circumstances, there is a just punishment that is sufficient but not greater than

necessary. Federal sentencing law requires that the sentencing court "impose a sentence sufficient, but not greater than necessary" to provide for just punishment, deterrence, protection of the public and rehabilitation of the defendant. *Gall v. United States*, 128 S. Ct. at 596-597, fn. 6 quoting 18 U.S.C 3353(a). In the extraordinary circumstances of this case, such a sentence falls short of incarceration but entails restrictive home detention and probation.

Probation, home detention and community service are all viable sentencing alternatives available to this court permitted through a sentencing variance. Section 3553(a)(4) provides flexibility to this Court in sentencing by "provid[ing] alternatives to incarceration where necessary . . . ." <u>United States. v. K</u>, 160 F. Supp. 2d 421, 431 (E.D.N.Y. 2001). Indeed, under section 3553(a)(5), the "utilization of alternatives to incarceration in appropriate cases" motivated the institution of the Guidelines and is intended to be undertaken in a manner complimentary to their policies. *Id.,* at 432. Thus, a downward variance to probation is not prohibited when the Guidelines call for imprisonment. As the Eighth Circuit explained, such a prohibition,

> would amount to the judicial elimination of a sentencing option that would otherwise be available under federal criminal statutes that do not impose mandatory imprisonment, including the statute at issue in this case. This judicial rule would effectively require imprisonment for defendants whose offense level falls within Zone B or above within the sentencing table of the Guidelines. That kind of categorical, mandatory approach to sentencing on

the basis of judicially-found facts is precisely the type of sentencing regime the Supreme Court rejected in *Booker*.

<u>United States v. Wadena</u>, 470 F. 3d 735, 738 (8th Cir. 2006).

Therefore, probation, home detention and community service are squarely within this Court's sentencing options and are appropriate here. This Court should take into consideration Ms. Martinez's unique and extraordinary and vary downward from the sentencing guidelines.

> D. **Section 3553(a)(6): the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

The statutory mandate to avoid disparate sentences appears not only in 18 U.S.C. § 3553(a)(6) but throughout the implementing legislation instructing and the Sentencing Commission and within the guideline regime itself. However, in light of present case law the sentencing court finally has reacquired the traditional punishment, discretion that the Federal Court formally exercised long before the implementation of the guideline regime.

## CONCLUSION

Each one of the arguments above establishes sound justification for a downward sentencing variance. With all of them taken together, there can be little, if any, doubt as to the necessity of a downward sentencing variance in Ms. Martinez's circumstances. Therefore, in accordance with United States Supreme

Court precedent and section 3553(a), Ms. Martinez respectfully requests that this court exercise its sound discretion and vary her sentence downward by sentencing her to a term of probation.

Respectfully Submitted,

/j/ Joseph A. Chambrot
JOSEPH A. CHAMBROT, ESQ.
Attorney for Marta C. Martinez
1885 NW North River Drive
Miami, Florida 33125
(305) 547-2101
joecham@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/j/Joseph A. Chambrot

RESPECTFULLY SUBMITTED,

_____
Joseph A. Chambrot, Esq.
FL BAR NO. 434566
1885 NW North River Drive
MIAMI, FL 33125
Tel: (305) 547-2101
Fax: (305) 547-2107
joecham@bellsouth.net