UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20127-CR-KING

UNITED STATES OF AMERICA,
        Plaintiff,

v.

MARTA C. MARTINEZ,
        Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about September 26, 2011, court-appointed defense counsel Joseph Chambrot ("Counsel") submitted a voucher application numbered FLS 11 2332 with appended time sheets requesting $22,235.15 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and an Ex Parte Motion to Exceed Cap on Attorney's Fees **[DE # 25]** in support of his voucher application. Counsel represented Defendant Marta C. Martinez ("Defendant") for seven months from February 17, 2011 until September 21, 2011.

Counsel seeks $22,435.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge James Lawrence King entered an Order of Reference **[DE # 34]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a)*; see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

**Criminal Justice Act and Guidelines for Administering
the Criminal Justice Act**

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991).  In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred."  The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001).  In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case.  *See* Section §230.23.40(b) of the Guidelines.  A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. Counsel's representation of Defendant was complex.

First, the very nature and facts involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced in February 2011 when the grand jury returned a four count Indictment **[DE # 3]** against Defendant. The government charged Defendant with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, two counts of health care fraud in violation of 18 U.S.C. § 1347 and one count of conspiracy to pay health care kickbacks in violation of 18 U.S.C. § 371. Defendant faced a potential term of ten years imprisonment on the conspiracy to commit health care fraud charge, ten years imprisonment on each of the health care fraud charges and five years imprisonment on the conspiracy to pay health care kickback charges.

Second, the discovery in this case was extensive. Counsel explained that this case "involv[ed] lengthy discovery." (Ex Parte Motion at 1). Counsel reviewed in "excess of thirty two thousand documents and six video tapes attempting to depict the alleged criminal activities for which Defendant was indicted." (Ex Parte Motion at 1). The sheer volume of documents and evidence in this case made this case more complex than the average case.

Defendant entered a guilty plea to Count One of the Indictment. **[See DE # 31]**. She was sentenced to thirty-seven months in prison. **[See DE # 31]**. Defendant was also

-3-

directed to pay restitution in the amount of $697,000.00. **[See DE # 31]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex as a result. I, therefore, conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 6.8 in-court hours and 172.3 out-of-court hours.

Regarding the out-of-court hours listed in the voucher, Counsel sought compensation for: 27.3 hours for "Interviews and Conferences", 134.5 hours for "Obtaining and reviewing records", 6.5 hours for "Legal research and brief writing" and 4.0 hours for "Travel time." Counsel also sought $47.50 in "Travel Expenses" but no monies for "Other Expenses." The total amount listed by Counsel in the voucher was $22,435.00.

### In-Court Hours[1]

Counsel sought 6.8 in-court hours totaling $850.00. The CJA administrator made a few adjustments to the number of in-court hours listed by Counsel in the voucher. The CJA administrator reduced the overall number of in-court hours to 5.2 (from 6.8) hours.

---

[1]

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

-4-

The CJA administrator made this adjustment by reducing the number of hours sought for attending "Bail and Detention Hearings" to 1.0 hour, while increasing the number of hours spent attending the "Arraignment and/or Plea" to 2.5 hours and the number of hours spent in "Motion Hearings" to 1.0. This resulted in a new total for in-court hours of $650.00. I approve the amount of $650.00 as reasonable.

### Out-of-Court Hours

Counsel also sought compensation for a total of 172.3 out-of-court hours, totaling $21,537.50. Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. To that end, I contacted Counsel to discuss the troublesome entries. Counsel willingly clarified the majority of the entries which caused concern, however, two troublesome entries remain. Specifically, I recommend that the time listed for the following entries be eliminated:

| | | |
|---|---|---|
| 2/17/11 | Meeting with Defendant's family at courthouse | 0.5 hours |
| 4/11/11 | Phone call with Defendant's husband | 0.2 hours |

I recommend that the above entries be reduced because these entries represent time spent with Defendant's family that is not compensable. The Supplemental Instructions For Completing CJA 20 Form supplied by the United States District Court makes clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." The time

-5-

spent meeting and conversing with Defendant's family members to keep them informed about developments in the case is "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's defense. The total reduction for the entries listed above is $87.50.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $21,450.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).    As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $21,450.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought $47.50 in "Travel Expenses." The CJA administrator slightly adjusted the amount requested upwards to $47.65.  I hereby recommend approval of this adjusted amount.

**CONCLUSION**

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts.  Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable."  *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999).  It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent.  Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation provided by Counsel to Defendant in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case.  Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $22,147.65 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable James Lawrence King, United States District Judge.

Signed this ___5___ day of January, 2012.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Joseph Chambrot, Esq.
Lucy Lara, CJA administrator